No. 25,099.

A. W. MUNDELL, *Appellee,* v. THE BOARD OF COUNTY COMMIS-
SIONERS OF THE COUNTY OF SEDGWICK and M. R. AMERMAN,
*Appellants.*

SYLLABUS BY THE COURT.

NEGLIGENCE—*Failure to Safeguard Excavation in Highway—Bridge Contractor
Liable.* A contract for construction of a bridge forming part of a highway
undergoing improvement, interpreted, and *held,* the contractor was liable
in damages for destruction of an automobile occasioned by *its* falling into
an excavation incident to building the bridge.

Appeal from Sedgwick district court, division No. 2; THORNTON W. SARGENT,
judge. Opinion filed June 7, 1924. Affirmed.

*Lew E. Clogston,* of Wichita, for appellant M. R. Amerman.
*John B. Bryant,* and *G. A. Stultz,* both of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one for damages for destruction of an
automobile occasioned by its falling into an excavation in a high-
way. Plaintiff recovered against a bridge contractor who failed to
safeguard the excavation. The contractor appeals.

The accident occurred at the west end of bridge No. 2 on the
Cannon Ball highway, which was undergoing improvement. Amer-
man contracted to build the bridge, which consisted of two twenty-
foot spans. The excavation was an incident to construction of the
bridge. The highway was kept open for travel, and the petition
charged the excavation was not properly safeguarded. The evidence
was conflicting, and it is sufficient to say concerning this branch of
the case, there was evidence to warrant the verdict.

One of Amerman's defenses was that his contract had been ful-
filled, and that Bechtelheimer, who had the general contract for
grading the highway, was, by direction of the county engineer, in
charge of the premises and responsible for their condition at the
time the accident occurred. The court excluded all evidence offered
to establish the defense, and instructed the jury it was Amerman's
duty to fill the excavation and properly safeguard it.

The court's rulings and instructions were based on Amerman's
contract. The excavation was a detail of construction of the bridge.
Backfilling of such an excavation to the original ground surface

was made part of the excavation. The contractor engaged to erect barriers, maintain lights and take all necessary precautions to safeguard the traveling public, and to assume all risk and liability for damages to person or property resulting from negligence of himself, his agents or servants, and for all damages, direct or indirect, suffered or claimed, on account of construction, until the bridge was completed and accepted. There was no evidence that the bridge had been accepted by either the engineer or the board of county commissioners before the accident occurred. The result is, it made no difference what Bechtelheimer's grading contract might cover. Amerman could not be discharged from liability until the completed bridge was accepted.

The judgment of the district court is affirmed.